UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN BLANKENSHIP, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01168 ERW |
| ) | |
| THOMAS J. CHAMBERLAIN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiffs' Motion for Preliminary Injunction and Request for Evidentiary Hearing [doc. #3] and Plaintiff's Motion for Temporary Restraining Order and Amended Motion for Preliminary Injunction and Request for Expedited Preliminary-Injunction Hearing [doc. #9].

Susan Blankenship, James Rolufs, Richie Giuffrida, Daniel Bishop, John Byrom, Donna Lukasek, Janel Campbell, Lorri Christophel, Charles Fulford, Gary Geiser, Patricia Skiles, Heather Ordner, Robert Biondo, Karen Lamberti, Erica Miller, and Carol Vaughn (collectively, "Individual Plaintiffs") are all participants in the Contemporary Carpet Contractors, Inc. Employee Stock Ownership Plan("ESOP"). The ESOP is the sole shareholder of Contemporary Flooring and Design, Inc. ("Company"), holding all 250,000 of the issued and outstanding shares of stock of the Company. These shares are the only assets of the ESOP. The Individual Plaintiffs are the beneficial owners of more than eighty percent of the allocated shares.[1] Additionally named as plaintiffs in this action are the ESOP and the Company, however, there is some disagreement between the Parties as to whether the ESOP and the Company are properly named as plaintiffs in

---

[1] 175,000 shares of Company stock have been allocated to ESOP participants. The remaining 75,000 shares are presently unallocated.

this action. This action was brought against Thomas J. Chamberlain ("Defendant"). Defendant is the sole trustee and a fiduciary of the ESOP.

In their Motion for Temporary Restraining Order, the Individual Plaintiffs, the ESOP, and the Company (collectively, "Plaintiffs") ask that the Court enter a temporary restraining order prohibiting Defendant and his agents and representatives from taking action that affects the workings and assets of the ESOP. They additionally ask that the Court remove Defendant as trustee of the ESOP.

A hearing on Plaintiff's request for temporary relief was held in this Court on July 11, 2008. At the conclusion of the hearing the Court stated that it recognized that the Plaintiffs had presented evidence of serious, ongoing issues, however, the Court did not have enough legal information to enter a temporary restraining order at that time. The Court ordered the Parties to submit simultaneous briefing to the Court. These materials have now been submitted to the Court.

I. **LEGAL STANDARD**

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1065 (8th Cir. 1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of

an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114).

The "[f]actors are not a rigid formula . . . 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Branstad v. Glickman*, 118 F. Supp. 2d 925, 938 (N.D. Iowa 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir. 1987). The Plaintiffs in this action bear a heavier burden than normal because the temporary restraining order they seek would both "(1) disturb the status quo . . . [and is] mandatory as opposed to prohibitory." *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). As a result, they "must demonstrate not only that the four requirements for a preliminary injunction are met but also that they weigh heavily and compellingly in [their] favor." *Id.*

## II. DISCUSSION

In this case, the Court finds that the *Dataphase* factors have not been satisfied. In their Motion, Plaintiffs do not specifically state what irreparable harm they will suffer if a TRO is not issued. They allege that as a result of Defendants actions, "the Company's management and work force have been depleted, there is no functioning board of directors, there has been a virtual cessation of every facet of the Company's operations, and the Company's ability to survive and continue . . . is materially impaired." In their supplemental briefing to the Court, Plaintiffs add the statement that the ESOP and the Company will suffer "irreparable harm if the obstacle to [Plaintiffs'] efforts to preserve" the Company is not removed.

This argument is unpersuasive because this harm is no longer merely "threatened," and instead has already happened. St. Louis Bank terminated the Company's funding at the close of business on Friday, September 12, 2008. The Company's line of credit was called, and St. Louis Bank indicated that it would not renew the note due on September 23, 2008, which is now in default. Beginning September 12, 2008, St. Louis Bank began foreclosing on certain assets of the Company and on September 23, 2008 foreclosed on all of the Company's assets in accordance with the loan documents. Plaintiffs have made efforts and inquiries into obtaining refinancing of this loan, but their efforts have failed.

The specific allegations Plaintiff has levied against Defendant are that he breached his fiduciary duties by paying himself excessive compensation, refinancing the ESOP loan, and entering into a building lease with the Company. These acts are not recent, and as a result, Plaintiffs cannot allege that there is any immediate risk of irreparable harm from these acts. Additionally, any harm that has resulted from these acts is financial. If Plaintiffs are able to demonstrate that Defendant did commit these acts, and that these acts constitute breaches of his fiduciary duties, the proper remedy would be monetary damages, not injunctive relief.

An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir. 2008). The harm Plaintiffs may have suffered from Defendant's purported breaches of fiduciary duty are not irreparable as they can be remedied through monetary damages alone. It is well established that "[i]mminent business loss or failure is a form of economic injury." *State of Minn. by Noot* v. Heckler, 718 F.2d 852, 860, n.12 (8th Cir. 1983). "[T]he absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction." *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir. 2006) (quoting *Dataphase*, 640

4

F.2d at 114 n.9). Damages will adequately compensate Plaintiffs for their injury, and injunctive relief is not appropriate. *See Kelly v. Golden*, 352 F.3d 344, 353 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction and Request for Evidentiary Hearing [doc. #3] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and Amended Motion for Preliminary Injunction and Request for Expedited Preliminary-Injunction Hearing [doc. #9] is **DENIED.**

Dated this 7th day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE