UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN BLANKENSHIP, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01168 ERW |
| ) | |
| THOMAS J. CHAMBERLAIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Thomas J. Chamberlain's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [doc. #19].

## I. BACKGROUND

Susan Blankenship, James Rolufs, Richie Giuffrida, Daniel Bishop, John Byrom, Donna Lukasek, Janel Campbell, Lorri Christophel, Charles Fulford, Gary Geiser, Patricia Skiles, Heather Ordner, Robert Biondo, Karen Lamberti, Erica Miller, and Carol Vaughn (collectively, "Individual Plaintiffs") are all participants in the Contemporary Carpet Contractors, Inc. Employee Stock Ownership Plan("ESOP"). The ESOP is the sole shareholder of Contemporary Flooring and Design, Inc. ("Company"), holding all 250,000 of the issued and outstanding shares of stock of the Company. These shares are the only assets of the ESOP. The Individual Plaintiffs are the beneficial owners of more than eighty percent of the allocated shares.[1]

---

[1] 175,000 shares of Company stock have been allocated to ESOP participants. The remaining 75,000 shares are presently unallocated.

The Individual Plaintiffs, the ESOP and the Company (collectively, "Plaintiffs")[2] brought this action against Thomas J. Chamberlain ("Defendant"). Defendant is the sole trustee and a fiduciary of the ESOP. The Complaint alleges five Counts; (1) ERISA claim for breach of fiduciary duties, seeking equitable and injunctive relief, (2) ERISA claim for breach of fiduciary duties, seeking monetary relief, (3) common law claim for breach of fiduciary duty, (4) Mo. Rev. Stat. § 351.494 shareholder claim for the removal of officer and directors, and (5) a claim for a full accounting of the Company.

When they filed this lawsuit, the Plaintiffs sought a Temporary Restraining Order prohibiting Defendant and his agents and representatives from taking action that affects the workings and assets of the ESOP. They additionally asked that the Court remove Defendant as trustee of the ESOP. The Court found that damages would adequately compensate Plaintiffs for their injury, and denied injunctive relief.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiffs. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

While a plaintiff does not have to "set out *in detail* the facts upon which he basis his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of

---

[2] The ESOP and the Company are named as Plaintiffs in this action, however, the Defendant asserts that Plaintiffs' Counsel does not have the authority to represent the ESOP and Company. In the Motion pending before the Court, Defendant challenges their standing.

entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (emphasis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft v. Iqbal*, 2009 WL 1361536, at *12 (U.S. May 18, 2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. The plaintiff must demonstrate their entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 2009 WL 1361536, at *12. Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## III.  DISCUSSION

In his Motion, Defendant asks that the Court dismiss Counts I and II for failure to state a claim, and dismiss Counts III, IV and V because they are preempted by ERISA. Additionally, Defendant states that the ESOP and the Company were improperly joined as Plaintiffs, and their claims should be dismissed for lack of standing. In the alternative, Defendant asserts that if these claims are allowed to remain, Plaintiffs should be ordered to file a more definite statement of their claims so that Defendant can reasonably prepare a response.

### A.  *FAIL TO STATE CLAIM:  COUNTS I AND II*

Under ERISA, an ESOP is an individual account plan "which is designed to invest primarily in qualifying employer securities." 29 U.S.C. § 1107(d)(6). These plans are designed to encourage employee ownership. *Moench v. Robertson*, 62 F.3d 553, 568 (3d Cir. 1995). These plans are unique, and as a result, they are exempt from some ERISA requirements. For example,

because the nature of these plans is primarily for investment "in qualifying employer securities," the duty to diversify does not apply. *See Steinman v. Hicks*, 3522 F.3d 1101, 1103 (7th Cir. 2003). Additionally, the prohibition against dealing with a party in interest does not apply. *Moench*, 62 F.3d at 568; 29 U.S.C. § 1106(b)(1). Regardless of the type of plan at issue, fiduciaries are permitted under ERISA "to take actions adverse to beneficiaries, as long as the fiduciary is not acting in his capacity as a fiduciary when he takes the adverse action." *Morrison v. MoneyGram Intern. Inc.*, 2009 WL 803479, at *9 (D. Minn. March 25, 2009) (citing *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000)).

On receiving a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiffs. *Chambers*, 247 F.App'x at 848 (citing *Frey*, 44 F.3d at 671). In Count I and II of their Complaint, the Individual Plaintiffs and the ESOP seek relief under ERISA Section 404, for breach of fiduciary duty. To state a claim under this Section, a plaintiff "must allege that (1) defendants were fiduciaries of the plan who, (2) acting within their capacities as plan fiduciaries, (3) engaged in conduct constituting a breach of an ERISA fiduciary duty." *In re Pfizer Inc. ERISA Litigation*, 2009 WL 749545, at *6.

Defendants state that the dismissal of Count I and Count II is appropriate because the Individual Plaintiffs and the ESOP have failed to assert the second element of these claims, that Defendant was acting within his capacity as a plan fiduciary. This allegation is particularly critical in this action as Defendant performed many roles at the Company; as he served as the CEO, president, and the chair of the board of directors in addition to serving as the trustee for the ESOP. Defendant can only be liable for actions he took or duties he breached while performing ERISA obligations. As a result, "[t]he relevant question is not whether an employer's action

4

adversely affected a beneficiary's interest, but whether the employer was acting as a fiduciary when he took that action." *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 256-57 (5th Cir. 2008) (citing *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)).

The Court reviewed the Complaint to determine if the Individual Plaintiffs and the ESOP adequately pled all three elements of their ERISA claim. The first element is present as the Complaint alleges that Defendant is a fiduciary of the ESOP. *See* Plaintiffs' Complaint ¶ 35. Additionally, the Complaint satisfactory pleads the third element of this claim, that Defendant's conduct breached ERISA fiduciary duties. *See* Plaintiffs' Complaint ¶¶ 38, 41 & 48. However, nowhere do the Individual Plaintiffs and the ESOP assert that Defendant was acting in his capacity as a plan fiduciary when he engaged in this conduct.

Defendant's Motion tests the sufficiency of the allegations, not the sufficiency of evidence. The Individual Plaintiffs and the ESOP failed to allege that Defendant was acting as a fiduciary when he committed these alleged breaches of fiduciary duty. *Kirschbaum*, 526 F.3d at 257 (*citing Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996)). As a result, Counts I and II do not state a claim for which relief can be granted. However, the Court finds that the Individual Plaintiffs[3] should be granted leave to amend their Complaint.

## B.     ERISA PREEMPTION:  COUNTS III, IV AND V

Defendant asserts that Counts III, IV and V should be dismissed because they are preempted. In Count III, Plaintiffs seek to recover for common law breach of fiduciary duty, in Count IV the Individual Plaintiffs and the ESOP purport to state a claim for the removal of an officer under Mo. Rev. Stat. § 351.494, and in Count V, the Individual Plaintiffs and the ESOP

---

[3] As discussed below, the ESOP does not have standing, and all claims purportedly brought by the ESOP will be dismissed, with prejudice.

bring an action for accounting. In their Response to the Motion to Dismiss, Plaintiffs state that they stipulate to the dismissal of Count V, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). As a result, this claim will be dismissed, without prejudice.

ERISA preempts any state law that "relate[s] to an employee benefit plan." *Prudential Ins. Co. of America v. Nat'l Park Medical Center, Inc.*, 413 F.3d 897, 907 (8th Cir. 2005); 29 U.S.C. § 1144. Claims "relate to" employee benefit plans "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983). Additionally, this standard is satisfied "where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." *Neumann v. AT & T Communications, Inc.*, 367 F.3d 773, 779-80 (8th Cir. 2004). Alternatively, if the state law only affects the plan in a "tenuous," "remote" or "peripheral" manner, it will not be found to "relate to" the employee benefit plan. *Shaw*, 463 U.S. at 100 n.21.

Count III and IV are what is known as laws of general application because they lack a direct reference to employee benefit plans. As a result, the Court must analyze the seven factors that have been identified by the Eighth Circuit: (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans, (4) whether the state law impacts the administration of ERISA plans, (5) whether the state law has an economic impact on ERISA plans, and (6) whether preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power. *Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344-45 (8th Cir. 1991) (internal citations and quotations omitted).

Count III is clearly preempted by ERISA. In Count III, Plaintiffs attempt to state a claim for common law breach of fiduciary duty. Other courts have considered this exact claim, and found preemption. *See, e.g. In re Express Scripts, Inc.*, 2008 WL 1766777, at *10 (E.D. Mo. Feb. 6, 2009); *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir. 1997). As a result, this claim will be dismissed, with prejudice. This claim clearly "relate[s] to an employee benefit plan." *Prudential Ins. Co. of America*, 413 F.3d at 907. ERISA provides fiduciary standards and this claim clearly attempts to get around these ERISA provisions.

In Count IV, the Individual Plaintiffs and the ESOP purport to state a claim for the removal of an officer under Mo. Rev. Stat. § 351.494. This statute is the Missouri juridical dissolution statute, however, the Individual Plaintiffs and the ESOP do not seek dissolution. Defendant asserts that this statute does not permit the removal of an officer in the absence of an actual claim for judicial dissolution. The Court does not reach this issue of Missouri law because it is clear that this claim and the relief sought in Count IV is preempted by ERISA. The first factor is satisfied because this claim would negate an ERISA plan provision, because the Plan at issue provides procedures for the replacing the trustee. This claim would affect relations between primary ERISA entities and the administration of the plan because Defendant is the trustee for the ESOP, and also is the President of the Company. Additionally, the preemption of the state law would be consistent with other ERISA provisions because the Individual Plaintiffs and the ESOP are seeking identical relief under ERISA in Count I of their Complaint. *Eckelkamp v. Beste*, 315 F.3d 863, at 870 (8th Cir. 2002). Accordingly, Counts III and IV will be dismissed with prejudice.

C.  ***STANDING***

Defendant asserts that the ESOP and the Company do not have standing. The only claim allegedly brought by the Company is Count III. The Court dismissed this Count with prejudice, and as a result, the Company is no longer a Party to the lawsuit, and the Court will not consider the arguments over whether the Company has standing. However, both the Individual Plaintiffs and the ESOP purport to seek relief under Counts I and II. Because the Court is granting Plaintiffs leave to amend these Counts, the Court finds it is necessary to determine whether the ESOP has standing to bring these claims under ERISA.

It is clear that the ESOP does not have standing to bring this lawsuit. This lawsuit was brought under 29 U.S.C. § 1109, and relief under this Section may only be sought "by the Secretary, or by a participant, beneficiary or fiduciary." 29 U.S.C. § 1132(a)(2). Many courts have addressed the issue of whether a plan is a proper party, and the majority have found that they do not have standing to bring actions such as this. *See In re Express Scripts, Inc., PBM Litigation*, 2007 WL 4333380, at *4 (E.D. Mo. Dec. 7, 2007). Regardless, even if the Plan has standing to bring a lawsuit under 29 U.S.C. § 1109, these claims must be dismissed because the Plan documents contains a provision stating that the trustee has the sole authority, "[t]o settle, compromise, or arbitrate any claim . . . to commence or defend suits or legal proceedings and to represent the Trust in all suits or legal proceedings in any court of law." The trustee did not authorize this lawsuit, and the ESOP was not authorized to bring these claims. As a result, all claims purportedly brought on behalf of the ESOP are dismissed, with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Thomas J. Chamberlain's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [doc. #19] is **GRANTED.** Counts III and IV are dismissed with prejudice. Plaintiffs have voluntarily stipulated to the dismissal of

Count V, and this Count is dismissed without prejudice. The ESOP does not have standing, and its claims are dismissed, with prejudice.

**IT IS FURTHER ORDERED** that the Individual Plaintiffs may file an amended complaint. Any amended complaint must be filed by June 10, 2009.

Dated this 20th day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE